IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JAN -3  AM 10: 41

CLERK

BY_____
DEPUTY CLERK

**CHRISTIAN RODRIGUEZ,**
Plaintiff

v.

Civil Action No. 2:22-cv-1

**KATY LANPHER, STOWE RED BARN
REALTY, LLC, d/b/a RED BARN REALTY
OF VERMONT and
CONCOR REALTY TRUST**

Defendants

## COMPLAINT

1. Christian Rodriguez ("Mr. Rodriguez"), is of legal age and a resident of South Plainfield, New Jersey.

2. Stowe Red Barn Realty, LLC is a duly organized Vermont limited liability company which does business as "Red Barn Realty Of Vermont" and has a primary place of business at 1878 Mountain Rd, Stowe, Vermont ("Red Barn Realty").

3. Katy Lanpher, is of legal age and a resident of Morrisville, Vermont.

4. Concor Realty Trust is upon information and belief a duly organized foreign real estate trust which owns real property at 165 Alpine Meadows, Stowe, Vermont (the "Property") and has a last and usual place of business in Kingston, Commonwealth of Massachusetts.

## JURISDICTION & VENUE

5. Jurisdiction arises under 28 U.S.C. § 1332 in that plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) (1) and (2) in that defendants are residents of this state and the events complained of herein occurred in this state.

## GENERAL ALLEGATIONS

7. On or around January 5, 2019, the Property was enrolled in the short-term rental program operated by Airbnb, Inc.

8. At all times relevant to the allegations herein, Katy Lanpher held herself out as the lessor/agent/host for short-term Airbnb rental of the Property.

9. Katy Lanpher is a specialist at Red Barn Realty in Vacation Rental Management for properties, like the Property, which are available for short and other term rentals in and around Stowe, Vermont.

10. Red Barn Realty and Katy Lanpher acted as Concor Realty Trust's agent and representative for rental of the Property though the Airbnb program.

11. In the course and scope of her employment by Red Barn Realty and as part of Katy Lanpher's responsibilities for rental properties, she makes sure the accommodations are ready and prepared; seasonally this includes making sure that in the event of snow or ice, there is some method by which the hazards of snow and ice are monitored, addressed and mitigated.

12. Mr. Rodriguez with various friends rented the Property from Katy Lanpher, under the Airbnb program for the purposes of vacationing, and enjoying the recreational, hospitality and gastronomical attractions of Stowe, Vermont.

13. On the evening of January 4, 2019, Mr. Rodriguez with friends went out, ate dinner and enjoyed adult beverages and because they were enjoying adult beverages and were on vacation, utilized the services of Uber to drive them to and from the restaurant and bar at which they had been socializing and the Property.

14. The types of activities engaged in by Mr. Rodriguez on January 4, 2019 and the consumption of adult beverages by persons on vacation in Stowe were known or reasonably foreseeable to Katy Lanpher in her work as a vacation rental specialist on behalf of Red Barn Realty.

15. During the day, afternoon and evening hours, of January 4, 2019, Stowe experienced warming temperatures which allowed snow and ice to melt followed by colder temperatures resulting in re-freezing and the formation of ice and slippery surfaces.

16. The weather pattern was or should have been known to Katy Lanpher and Red Barn Realty both on January 4, 2019 and generally, and the resulting thaw and re-freezing created a foreseeable risk of icing and slip and fall hazard.

17. Reasonable property management measures to address thawing and re-freezing and specifically icing on driveways and walkways includes periodic inspection, salting and sanding.

18. Upon return to the Property on the late evening of January 4, 2019 and upon exiting the Uber, Mr. Rodriguez and the rest of his group were confronted with ice slicked surfaces on the driveway into the Property.

19. Mr. Rodriguez did not expect the access to the Property to be impassable and iced over when he returned to the Property on the late evening of January 4, 2019.

20. Lighting conditions at the Property in the late evening of January 4, 2019 concealed the icing conditions of the driveway from Mr. Rodriguez and others exiting the Uber.

21. The lighting conditions, and that visibility of the driveway at the Property at night was severely diminished, was or should have been known to Katy Lanpher and Red Barn Realty.

22. There had been no treatment with sand or salt at the Property during the evening hours of January 4, 2019 when the driveway had become iced over.

4

23. Mr. Rodriguez fell on the ice and suffered serious orthopedic injury to his left upper extremity.

24. Mr. Rodriguez was transported from the Property by ambulance to Copley Hospital, for medical treatment.

25. The conditions on the driveway at the Property also posed a risk of injury to ambulance emergency care workers.

26. The following day, Mr. Rodriguez returned to New Jersey, and experienced pain, discomfort, disruption of his usual routine, suffering and inconvenience.

27. Mr. Rodriguez required surgical repair of his injury including internal fixation of his humerus, followed by occupational therapy, physical therapy, pain management and rehabilitation.

28. Due to the injuries sustained on January 4, 2019, and the resulting incapacity, Mr. Rodriguez could not drive a vehicle nor manage presentation materials necessary for his employment in sales, and as a result lost wages over the several month period of his recovery.

29. Mr. Rodriguez incurred costs and expenses for medical treatment.

30. Mr. Rodriguez suffered physical pain, mental distress over his incapacity, loss of wages and the disruption of his usual and recreational activities.

COUNT I

(Negligence)

31. The allegations of paragraphs 1-30 are repeated and realleged as if fully set forth herein.

32. Mr. Rodriguez was owed a duty of reasonable care under all the circumstances.

33. Katy Lanpher held herself out as a short-term vacation rental specialist who made sure that the properties let were ready and prepared for visitors to Stowe and its environs.

34. Katy Lanpher performed such services within the course and scope of her employment by Red Barn Realty.

35. Katy Lanpher and Red Barn Realty acted as agents for Concor Realty Trust with regard to rental of the Property.

36. Such preparations included, *inter alia,*

    a.  reasonable provision made for addressing accumulations of snow and ice and related hazards at the Property and,

    b.  reasonable provision made for lighting conditions on and about the means of egress to the Property such that hazards are not concealed by lack of light, and,

    c.  warnings to lessees about conditions resulting from thaw followed by re-freeze cycles, and whether inspection and mitigation actions are undertaken, and that lighting conditions could conceal hazardous conditions including icing on the driveway and walkways at the Property.

37. The Property was not ready and prepared for Mr. Rodriguez and his group on January 4, 2019 in that reasonable provision had not been made for inspection and amelioration, such as by spreading sand and salt, of icing conditions which occurred on the driveway which formed egress to the Property.

38. The Property was not ready and prepared for Mr. Rodriguez and his group on January 4, 2019 in that lighting conditions on the means of egress – the driveway – to the Property concealed hazardous icing which had taken place while they were out to dinner.

39. The Property was not ready and prepared for Mr. Rodriguez and his group on January 4, 2019 in that there were no warnings that hazardous conditions such as icing might exist but be concealed by poor lighting or that inspection, sanding and salting would not occur.

40. In the circumstances leading up to the evening of January 4, 2019, and based on what Katy Lanpher knew or should have known, it was foreseeable that renters at the Property would be exposed to an unreasonable risk of slip and fall hazard.

41. Mr. Rodriguez slipped, fell and suffered orthopedic injury necessitating medical treatment and causing loss of wages as a direct and proximate result of acts and omissions constituting a failure of defendants to meet the duty of reasonable care owed him.

7

WHEREFORE, Christian Rodriguez prays that the Court award relief including Judgment in his favor on a joint and several basis among all defendants, and award for compensatory damages including his medical bills, pain and suffering, loss of enjoyment of life, and his lost wages together with interest, costs of suit and such other relief as the Court deems just and appropriate.

Dated at Burlington Vermont, this 30th day of December, 2021

**THE BURLINGTON LAW PRACTICE, PLLC**

By:  _____

Joshua L. Simonds, Esquire
2 Church Street, Suite 2G
Burlington, VT 05401
(802) 651-5370 Phone
(802) 651-5374 Fax
Attorneys for Plaintiff